**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4737

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE VERTIZ-CRUZ, a/k/a Jose Vertiz Cruz, a/k/a Servando Vertiz, a/k/a Jose Alberto, a/k/a Jose Luis Cruz, a/k/a Jose Luis Vertiz, a/k/a Beto Vasgas, a/k/a Servando Cruz Veritiz,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:14-cr-00292-CMH-1)

Submitted: June 30, 2023                     Decided: August 3, 2023

Before AGEE and QUATTLEBAUM, Circuit Judges, and MOTZ, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Valencia D. Roberts, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Richard Cooke, Assistant United States Attorney, Richmond, Virginia, Jasmin Salehi Fashami, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Vertiz-Cruz, a native and citizen of Mexico, appeals the 24-month sentence imposed pursuant to his guilty plea to illegal reentry after removal or deportation, in violation of 8 U.S.C. § 1326(a). On appeal, Vertiz-Cruz asserts that the district court failed to adequately consider his argument for a sentence of time served based on his alleged overservice of his state sentence and that the court failed to adequately explain the chosen sentence. Upon review, we hold that the district court procedurally erred in imposing Vertiz-Cruz's sentence and that this error was not harmless. Accordingly, we vacate the judgment and remand for resentencing.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). We are obliged to first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the [Sentencing] Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.*

"A district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted). In explaining its sentence, the "court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why it has rejected those arguments." *United States v. Webb*, 965 F.3d 262, 270 (4th Cir. 2020) (cleaned up).

2

Generally, an "explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments" in mitigation. *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017) (cleaned up). "The court's explanation should set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (cleaned up).

While "it is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision," we "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *United States v. Ross*, 912 F.3d 740, 745 (4th Cir. 2019) (internal quotation marks omitted). Nor may we "assume that the court has silently adopted arguments presented by a party." *Nance*, 957 F.3d at 214 (internal quotation marks omitted). Where the court fully addresses the defendant's "central thesis" in mitigation, it need not "address separately each supporting data point marshalled on its behalf." *Id.* Nonetheless, a district court's failure to give "specific attention to [a defendant's] nonfrivolous arguments" results in a procedurally unreasonable sentence. *Lewis*, 958 F.3d at 245 (internal quotation marks omitted).

"[A]rguments made under § 3553(a) for a sentence different than the one that is eventually imposed are sufficient to preserve claims that the district court erred in not adequately explaining its rejection of the sentencing arguments." *United States v.*

3

*Boulware*, 604 F.3d 832, 838 (4th Cir. 2010).  Because Vertiz-Cruz argued for a sentence of time served, the issue is properly preserved.  Therefore, we review for harmless error whether the alleged procedural errors warrant reversal.  *United States v. Lynn*, 592 F.3d 572, 576, 579 (4th Cir. 2010); *Boulware*, 604 F.3d at 838.

Vertiz-Cruz requested a sentence of time served on the ground that he had overserved his state sentence.  As the Government concedes, the district court did not address this argument, which was Vertiz-Cruz's "central thesis" in mitigation, and which the Government did address on the merits at sentencing.  *Nance*, 957 F.3d at 214.  Because the court failed to demonstrate consideration of Vertiz-Cruz's nonfrivolous argument, it is impossible for us to ascertain the rationale behind the imposed sentence without "impermissibly speculat[ing] as to the reason for the district court's sentencing decision." *Ross*, 912 F.3d at 745.

We further conclude that the district court failed to adequately explain the chosen sentence.  At sentencing, the court stated only that "[c]onsidering the factors, which [it] must assess under [§ ]3553, considering the nature of this offense, [Vertiz-Cruz's] prior record, and particularly [his] prior record of reentering the country, . . . a sentence at the high end of the [G]uideline[s] range [was] appropriate." (J.A. 50).[*]  While this statement indicates the court's rationale, these factors are generally applicable in most illegal reentry cases and do not respond to Vertiz-Cruz's argument for a shorter sentence.  Because the

---

[*] J.A. refers to the joint appendix filed on appeal.

4

court's explanation was inadequate to allow for meaningful appellate review, Vertiz-Cruz's sentence is procedurally unreasonable.

Having concluded that Vertiz-Cruz's argument for a lesser sentence was not frivolous, and the district court failed to adequately explain the sentence, the sentencing error is not harmless. *Cf. Boulware*, 604 F.3d at 839-40 (holding district court's error harmless because the court explained that it considered the sentencing factors, "emphasized the need for specific and general deterrence," and the defendant's arguments "were very weak").

Accordingly, we vacate Vertiz-Cruz's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process. The mandate shall issue forthwith so that resentencing may proceed without delay.

*VACATED AND REMANDED*